UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 24-mj-1317 |
| v. | ) | |
| | ) | JUDGE HOLMES |
| GUNNER JOSEPH FISHER | ) | |

**UNITED STATES' MOTION FOR A DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

The United States of America, by and through Thomas J. Jaworski, Acting United States Attorney, and Assistant United States Attorneys Zachary T. Hinkle and Emily Petro, moves this Court for detention of the Defendant under 18 U.S.C. § 3142(f)(1)(A).

Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions . . . will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community. . . upon motion of the attorney for the Government" in a case, that involves a felony that is "a crime of violence." 18 U.S.C. § 3142(f)(1)(A). A "crime of violence" for purposes of the Bail Reform Act is, among other things, "an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4).

The Criminal Complaint in this case alleges a violation of 18 U.S.C. § 875(c), which is the communication of a threat through interstate commerce. To establish this offense, the government must prove that "(1) the defendant sent a message in interstate commerce; (2) a reasonable observer would view the message as a threat; and (3) the defendant intended the message as a threat." *United States v. Howard*, 947 F.3d 936, 947 (6th Cir. 2020) (citing *United States v. Elonis*, 575 U.S. 723, 737 (2015)). Because the communication of a threat is an element of the offense, several courts have found that a violation of § 875(c) is a "crime of violence" for purposes of § 3142(f). *See*

*United States v. Capriotti*, No. 21 CR 16, 2021 WL 229660, at *3 (N.D. Ill. Jan. 22, 2021) (collecting cases and "find[ing] it impossible to imagine proof of a violation of Section 875(c) without a threat of the use of physical force against a person, given that the statute minimally includes a threat to injure another person"); *see also United States v. Dai*, 99 F.4th 136, 138 & n.5 (2d Cir. 2024) (rejecting the defendant's argument that the "punishable by 10 years or more" clause in § 3142(f)(1)(A) modifies "crime of violence" and assuming, as the defendant did, that a violation of § 875(c) is a crime of violence).

That has held true in this district as well. Magistrate Judge Alistair Newbern concluded as much in *United States v. Cooper*: "Communicating a threat in violation of 18 U.S.C. § 875(c) constitutes a 'crime of violence' for purposes of the Bail Reform Act." No. 3:19-MJ-04254-1, 2019 WL 4259454, at *3 (M.D. Tenn. Sept. 9, 2019) (citing *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013)). The Court should decide in keeping with this precedent, find that § 875(c) is a crime of violence, and hold a detention hearing.

In this case, the statement in support of the Criminal Complaint details several statements made by the Defendant that "communicate an intent to commit crimes of violence that, if realized, would put members of the community in grave danger," which "weighs in favor of detention." *Cooper*, 2019 WL 4259454, at *3. The Defendant has, in communications with others, compared himself to mass shooters, persistently indicated his desire to commit an act of mass violence, and discussed writing a "manifesto." A review of the Defendant's Instagram account revealed pictures of firearms, including one where the Defendant appeared to be holding a rifle while wearing a tactical vest. Just two weeks ago, the Defendant made clear that "shits getting real," he has his "gear" at his house, he was "all in," and he had changed his chosen location to a mosque. To send his message home, the Defendant sent a screenshot from Google Maps of a Nashville-area mosque.

Further, in an interview with the FBI, the Defendant expressed a fascination with mass shootings. He also said that he enjoyed watching videos of mass shootings, especially when they had been live streamed. The Defendant told the FBI that they would find his manifesto on the phone, and the FBI, in fact, found a document that appeared to be a "manifesto" and in which the Defendant explained that he already had a "sigma hunting rifle" with "hundreds of rounds of live ammunition."

In sum, the Court can have no confidence that any set of conditions will assure the safety of the community. The United States therefore moves the Court for an order of detention in this case. The United States respectfully requests that, should a hearing be necessary, the Court grant the United States a continuance in this matter of three days so that the United States may adequately prepare for the hearing on this motion.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney

 /s/ *Zachary T. Hinkle*
ZACHARY T. HINKLE
EMILY PETRO
Assistant United States Attorneys
719 Church Street, Ste 3300
Nashville, Tennessee 37203
615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be filed electronically via CM/ECF and served on the Defendant's counsel after counsel is appointed on the 19th day of December, 2024.

/s/ *Zachary T. Hinkle*
ZACHARY T. HINKLE
Assistant United States Attorney